UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSEN TAX LLC,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANE LAFFONT-REVEILHAC, et al.,<br><br>Defendants. | Case No. 17-cv-01311-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**<br><br>Docket No. 27 |

On March 13, 2017, Plaintiff brought this lawsuit against Defendants Stephane Laffont-Réveilhac ("Laffont-Réveilhac"), Veronique Martinez ("Martinez"), Arthur Andersen & Co., SAS ("AA&C"), and MoHala Enterprises, LLC ("MoHala"), alleging trademark counterfeiting under 15 U.S.C. § 1114, trademark under 15 U.S.C. § 1114, unfair competition arising under the California Business & Professions Code § 17200, *et seq.*, and other related claims. *See* Docket No. 1. On April 13, 2017, Plaintiff and Defendant MoHala entered into a Confidential Settlement Agreement through which MoHala agreed to the entry of a Consent Judgment and Permanent Injunction against it. Docket No. 22. The Court entered the Consent Judgment against MoHala on April 17, 2017. Docket No. 23. On April 18, 2017, Defendants filed an Answer. Docket No. 24.

Pending before the Court is Plaintiff's motion to strike Defendants' Answer. Docket No. 27. The Court grants Plaintiff's motion with respect to Defendants Martinez and AA&C but denies it with respect to Defendant Laffont-Réveilhac. Laffont-Réveilhac cannot sign on behalf of AA&C because only counsel can sign a pleading for corporate entities like AA&C. *See* 28 U.S.C. § 1654; Civil Local Rule 3-9(b); *Rowland v. California Men's Colony, Unit II Men's Advisory*

*Council*, 506 U.S. 194, 202 (1993). Neither can Laffont-Réveilhac sign on behalf of Martinez because the privilege to appear in propria person is personal to himself. *See* 28 U.S.C. § 1654; Civil Local Rule 3-9(a); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). As stated at the hearing, AA&C can only appear through an attorney. Ms. Martinez may appear but absent representation by counsel, she must sign any pleading herself.

Plaintiff also requests that the Court strike assertions in the Answer regarding purported foreign trademark rights and proceedings and references to the Paris Convention under Rule 12(f). Docket No. 27 at 5-8. The Court agrees with Plaintiff that the Answer fails to demonstrate that Defendants' foreign trademark registrations should break "[t]he concept of territoriality . . . basic to trademark law." *Person's Co., Ltd. v. Christman*, 900 F.2d 1565, 1568-69 (Fed. Cir. 1990); *see La Societe Anonyme des Parfums Le Galion v. Jean Patou*, 495 F.2d 1265, 1271 n.4 (2d Cir. 1974) (citation omitted) ("It is well settled that foreign use is ineffectual to create trademark rights in the United States."); *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir. 1956) ("[F]oreign law confers no privilege in this country that our courts are bound to recognize."). Having a foreign trademark registration is not a direct legal defense to an infringement claim in the United States.

However, at this stage of the litigation, the Court cannot discern whether these assertions will turn out to be entirely irrelevant. Thus, the Court, at this time, does not take the extraordinary measure of striking these assertions.

Plaintiff also argues that to the extent that paragraph 11 of the Answer suggests an affirmative defense such as unclean hands or other equitable defense, they are inadequately plead and should be stricken under Rule 12(f). Docket No. 27 at 8-11. An affirmative defense is insufficiently pled if it does not provide a fair notice of the nature of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). The Supreme Court's decision in *Twombly* requires that a party allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In 2009, the Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), clarified that *Twombly* was based on the interpretation and application of Federal Rule of Civil Procedure 8, thereby extending *Twombly's* pleading standard

2

to all civil cases. The Ninth Circuit has yet to rule on whether *Twombly* and *Iqbal* should apply to the pleading of affirmative defenses. However, "the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010); *see also CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense").

Even under the heightened standard, however, the Court finds that the Answer gave Plaintiff sufficient notice of the basis of Defendants' defense: that Plaintiff created brands to impersonate brands owned by Defendants and caused deception in the marketplace. Thus, to the extent that the Answer asserts an affirmative defense such as unclean hands or other equitable defense, the Court does not strike it.

Lastly, the Court finds that Laffont-Réveilhac waived any objections to personal jurisdiction under Federal Rule of Civil Procedure 12(h) by filing and signing an answer that does not contest personal jurisdiction. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."). The Court does not find that Martinez or AA&C waived objections to personal jurisdiction because they failed to make a voluntary general appearance through a valid Answer.

Defendants are given until July 31, 2017 to find counsel and/or to file an amended Answer. Although the Court has not stricken Defendant Laffont-Réveilhac's Answer, he is advised to file an amended Answer that complies more fully with Rule 8. If any party is not represented by

///
///
///
///
///
///

3

counsel, he or she should consult with the Court's handbook, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which is available to download electronically at the Court's website, http://cand.uscourts.gov/prosehandbook.

This order disposes of Docket No. 27.

**IT IS SO ORDERED**.

Dated: June 16, 2017

_____
EDWARD M. CHEN
United States District Judge